1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
                               ┌─────────────────────────┐
                               │           FILED          │
                               │ CLERK, U.S. DISTRICT COURT│
                               │                          │
                               │      2/15/2024           │
                               │                          │
                               │ CENTRAL DISTRICT OF CALIFORNIA│
                               │ BY: ____CDO____ DEPUTY   │
                               └─────────────────────────┘
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No.  2:24-cr-00105-HDV |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CHARLES DOMINIC WALKER,<br>  aka "Charles Lee Walker,"<br>  aka "Charles Walker,"<br>  aka "Chucky,"<br>  aka "Chucky Ru," | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about December 29, 2023, in Los Angeles County, within the Central District of California, defendant CHARLES DOMINIC WALKER, also known as ("aka") "Charles Lee Walker," aka "Charles Walker," aka "Chucky," aka "Chucky Ru," knowingly possessed a firearm, namely, a Sturm & Ruger, model P90, .45 caliber pistol, bearing serial number 663-84466, and ammunition, namely, seven rounds of Winchester .45 caliber ammunition and one round of Winchester Western Division .45

caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant WALKER possessed such firearm and ammunition knowing that he had previously been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year, namely:

1.    Grand Theft from Person, in violation of California Penal Code Section 487.2, in the Superior Court of the State of California, County of Los Angeles, Case Number TA025733, on or about August 19, 1993;

2.    Carjacking, in violation of California Penal Code Section 215(a), in the Superior Court of the State of California, County of Los Angeles, Case Number TA034278, on or about February 16, 1996;

3.    Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Los Angeles, Case Number TA034278, on or about February 16, 1996;

4.    Possession of a Firearm by a Felon, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number TA087837, on or about April 19, 2007;

5.    Evading a Police Officer, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court of the State of California, County of Los Angeles, Case Number TA129496, on or about August 8, 2013;

6.    Possession for Sale of a Controlled Substance, in violation of California Health & Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number TA149403, on or about July 17, 2019; and

7.     Possession of a Firearm by a Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number TA154381, on or about May 5, 2021.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

4

1   substantially diminished in value; or (e) has been commingled with

2   other property that cannot be divided without difficulty.

3

4                                          A TRUE BILL

5

6                                          ____/s/_____

7                                          Foreperson

8   E. MARTIN ESTRADA
    United States Attorney
9
    MACK E. JENKINS
10  Assistant United States Attorney
    Chief, Criminal Division
11

12  *Christina Sbug for SMG*

13  SCOTT M. GARRINGER
    Assistant United States Attorney
14  Deputy Chief, Criminal Division

15  BENEDETTO L. BALDING
    Assistant United States Attorney
16  Deputy Chief, General Crimes Section

17  DANIEL H. WEINER
    Assistant United States Attorney
18  General Crimes Section

19

20

21

22

23

24

25

26

27

28